## KYLE v. STATE.    (7 Div. 103.)

(Court of Appeals of Alabama.    Feb. 9, 1926.)

**1. Criminal law ⟲747.**

Where testimony was in conflict, it was properly submitted to the jury.

**2. Homicide ⟲166(3)—Evidence as to prior difficulty of accused and party assaulted regarding accused's wife held erroneously refused.**

Exclusion of evidence, in prosecution for assault with intent to murder, of difficulty about accused's wife, about 10 days prior to assault, was error.

**3. Criminal law ⟲786(3)—Charge that jury is to weigh accused's testimony in light of his interest is error; jury may so weigh it.**

Charge that jury is to weigh defendant's testimony in light of his interest is reversible error, under rule that jury may so consider defendant's testimony, not that they must.

**4. Homicide ⟲300(13)—Requested charges that defendant need not retreat while in place of employment properly refused as ignoring question of freedom from fault in bringing on difficulty.**

In prosecution for assault with intent to murder, requested charges that, if defendant was on his way to work in building in which he is employed, he did not have to retreat to be entitled to protection of the law of self-defense, were properly refused as ignoring question of freedom from fault in bringing on difficulty.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Phillip Kyle was convicted of assault to murder, and he appeals. Reversed and remanded.

The excerpts from the oral charge of the court, made the basis of assignments 4 and 6, are as follows:

"(4) What occurred Sunday night, except in so far as that constituted a threat, is not material in this case."

"(6) The defendant is a competent witness in his own behalf. The law says he may take the stand and give his version of the transaction, and you are not to captiously or capriciously disregard it, but you are to weigh his testimony in the light of the interest he has in the result of your verdict, and, after having done that, find the truth, and anchor your verdict in the truth; in other words, you are to act upon the truth, no matter what source it comes from."

The refused charges, made the basis of assignments 7 and 8, are as follows:

"(7) In order to the protection of the law of self-defense, the defendant was not required to retreat.

"(8) If the shooting occurred in the place and building where the defendant was engaged in his daily occupation, and at a time when defendant was going to his place of work in said building, then the defendant did not have to retreat in order to be entitled to the protection of the law of self-defense."

E. O. McCord & Son, of Gadsden, for appellant.

The fact that defendant and the party assaulted had had a difficulty about defendant's wife was admissible. Thornton v. State, 90 So. 66, 18 Ala. App. 225; Folkes v. State, 82 So. 567, 17 Ala. App. 119. The excerpts from the oral charge are incorrect statements of the law. Doby v. State, 74 So. 724, 15 Ala. App. 591; Barnett v. State, 79 So. 675, 16 Ala. App. 539; Code 1923, § 9507; Mann v. State, 103 So. 604, 20 Ala. App. 540; Green v. State, 96 So. 651, 19 Ala. App. 239.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Defendant was properly not allowed to show the details of a former difficulty. Wilson v. State, 68 So. 543, 12 Ala. App. 97.

RICE, J. Appellant was convicted of the offense of assault with intent to murder.

[1] It would not be of service to discuss the testimony. That for the state and for the appellant was in conflict, and was properly submitted to the jury.

[2] Under the authority of the opinion in Thornton v. State, 90 So. 66, 18 Ala. App. 225, and the cases therein cited, it was error to refuse to allow appellant to make the proof, by the witness Berry, that some week or 10 days prior to the difficulty in question appellant and the party assaulted had had a difficulty about appellant's wife. The law governing the admission in evidence of testimony as to former difficulties is well stated in the Thornton Case, supra, and we content ourselves here by merely referring to that case.

[3] It seems that the court, in the portion of the oral charge made the basis of the exception which has been by appellant's counsel, conveniently for us, designated assignment of error No. 6, sought to give, and did give, to the jury the same erroneous proposition of law, which caused the same court to suffer reversal in the cases of Green v. State, 96 So. 651, 19 Ala. App. 239, and Mann v. State, 103 So. 604, 20 Ala. App. 540, although the verbiage, in the instant case, is slightly different from that in the two cases mentioned. The law is that the jury *may* consider the testimony of the defendant in the light of his interest in the case, not that they *must*. The specified portion of the oral charge of the court here under consideration would of itself be sufficient reason for reversing this case.

We fail to see the vice in the portion of the oral charge of the court, made the basis of appellant's assignment of error No. 4, so strenuously contended for in the excellent brief filed by his counsel on this appeal.

[4] The written refused charges made the basis of assignments of error 7 and 8 were each bad, in that they each ignored the question of freedom from fault in bringing on the difficulty. Lane v. State, 101 So. 521, 20 Ala. App. 192.

For the errors pointed out, let the judgment be reversed, and the cause remanded.

Reversed and remanded.