(107 So. 721)

MILLER v. STATE. (7 Div. 157.)

(Court of Appeals of Alabama. Feb. 9, 1926. Rehearing Denied March 16, 1926.)

Criminal law ⟁786(3)—Charge stating, "you weigh" testimony of accused in light of his interest, instead of stating "jury may" so consider his testimony, held reversible error.

Charge stating to jury, "you weigh" testimony of accused in light of his interest, instead of stating "jury may" so consider his testimony, *held* reversible error as equivalent to commanding jury to so consider accused's testimony.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Stonewall Miller was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

E. O. McCord & Son, of Gadsden, for appellant.

---

The trial court erred in its oral charge to the jury. Mann v. State, 103 So. 604, 20 Ala. App. 540; Green v. State, 96 So. 651, 19 Ala. App. 239; Adams v. State, 75 So. 641, 16 Ala. App. 93.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The oral charge of the court must be considered as a whole; when this is done, the portion excepted to is without error.

RICE, J. Appellant was convicted of the offense of violating the prohibition laws by having whisky in his possession.

In his oral charge to the jury, the learned trial judge said:

"The defendant is a competent witness in his own behalf. He may take the witness stand and give his version of the transaction, * * * you weigh it in the light of the interest (italics ours) he has in the result of your verdict," etc.

This was duly excepted to, and was reversible error. It seems unnecessary to again say, what we have so many times already said; i. e. that the rule is that the jury may consider defendant's testimony in the light of his interest, etc., not that they must. The portion of the oral charge here under discussion in effect says to the jury, "You must weigh his (defendant's) testimony in the light of his interest," etc., and will cause us to reverse the case. Mann v. State, 103 So. 604, 20 Ala. App. 540; Green v. State, 96 So. 651, 19 Ala. App. 239, and other cases that might be cited.

Inasmuch as the law governing the other questions presented on this appeal has been many times gone over by this court, and inasmuch as the same questions will not likely arise on another trial, a consideration of same may be pretermitted here.

For the error pointed out, let the judgment be reversed, and the cause be remanded.

Reversed and remanded.