DeCARLO, Judge.
Possession of diazipam; ten years imprisonment.
On August 24, 1981, Chief Burns Saint and Officer Donnie McGuire of the Russel-ville Police Department stopped the car in which appellant was a passenger. McGuire informed appellant that they had a search warrant for his house and that they needed appellant to go there with them. Appellant got into the back seat of Saint’s unmarked patrol car. As Saint drove toward appellant’s house, McGuire, seated in the front passenger seat, was watching appellant out of the corner of his eye. He observed appellant take a small round bottle out of his pocket. McGuire then seized the bottle which contained some thirty-three Valium tablets. He read appellant his rights at that time, but did not formally place him under arrest until the search of the house was completed.
The sole issue on appeal is the legality of the seizure of the bottle containing the Valium tablets.
Warrantless searches and seizures are per se unreasonable under the Fourth Amendment unless they fall within one of the six specific exceptions to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973). When it seeks to introduce evidence seized without a warrant, the State must show that the seizure falls within at least one of these exceptions. Murray v. State, 396 So.2d 125 (Ala.Cr.App.), cert. *632 denied, 396 So.2d 132 (Ala.1980). The State argues that this case falls within the plain view and the probable cause/exigent circumstances exceptions to the warrant requirement.
Evidence which is in plain view maybe seized without a warrant if the seizing officer 1) had prior justification for the intrusion, 2) comes upon the evidence inadvertently, and 3) immediately recognizes the objects discovered as evidence of wrongdoing. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Herrin v. State, 349 So.2d 103 (Ala. Cr.App.), cert. denied, 349 So.2d 110 (Ala. 1977).
The following exchange occurred during defense counsel’s cross-examination of McGuire at the suppression hearing:
“Q. When did you first observe what you call a pill bottle?
“A. I was sitting in the front seat looking around like this.
“Q. He was in the back?
“A. He was in the back. I was sitting there more or less cutting my eyes, because I was looking back and he was looking forward and taking something out of his pocket.
“Q. Which pocket was that?
“A. His lefthand side.
“Q. In his pants?
“A. Yes. When he got it further enough, I could see it was a pill bottle, I reached back and got it from him.
“Q. At that point, you didn’t know if it was aspirin tablets or some kind of cold medicine?
“A. No sir.
“Q. Are you talking about a small round bottle?
“A. Yes.
“Q. All right, so you saw a bottle, but your testimony is you didn’t know what was in it and you reached and got it? “A. Yes.
“Q. Is that the end of it, at that point, as far as you getting hold of the pills that you later gave to the Toxicologist and this man is being prosecuted for here today?
“A: Yes sir, I reached back and took the lid and poured one out to see what it said, put it back, and put it in my pocket.”
A similar exchange occurred during McGuire’s testimony before the jury. In response to defense counsel’s question “you didn’t know if it was aspirin tablets or candy or what?” McGuire replied, “No, sir.” There is no evidence in the record to indicate that McGuire was aware of the incriminating nature of the tablets prior to seizing the bottle. In view of the Alabama Supreme Court’s opinion in Shipman v. State, 291 Ala. 484, 282 So.2d 700 (1973), we have no alternative but to hold that this seizure cannot be justified under the plain view exception.
Although evidence may be seized without a warrant where exigent circumstances exist coincidental with probable cause, see Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the standard of probable cause set forth by the United States Supreme Court in Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed.2d 1879 (1949) must be met, see Nicaud v. State ex rel Hendrix, 401 So.2d 43 (Ala.1981). The court observed in Brinegar:
“ ‘The substance of all the definitions’ of probable cause ‘is a reasonable ground for belief of guilt.’ And this ‘means less than, evidence which would justify condemnation’ or conviction, as Marshall, C.J., said for the Court more than a century ago. Since Marshall’s time, at any rate, it has come to mean more than bare suspicion: Probable cause exists where ‘the facts and circumstances within their [the officers’] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that’ an offense had been or is being committed.” [Citations and footnotes omitted.]
The record in the present case fails to show any facts and circumstances within McGuire’s knowledge which would warrant *633 his belief that the bottle which appellant took out of his pocket contained contraband. The fact that a search warrant for undisclosed objects had been obtained for appellant’s house will not, without more, satisfy the probable cause requirement. In the absence of a showing of probable cause no need exists to determine whether exigent circumstances were present.
REVERSED AND REMANDED.
All the Judges concur.