[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 975 
Convicted of possession of cocaine and sentenced to eight years' imprisonment, appellant Willie Stevenson Banks institutes this appeal, raising numerous issues.
The state's evidence tended to show that at approximately 10:25 p.m. on November 20, 1982, the appellant ran into the rear of a parked automobile just around the corner from the Dothan Police Station. John Collier, a police officer leaving the station, ran to the scene of the wreck, as did other officers. He found appellant sitting behind the wheel of the car. Appellant got out of the car; he smelled of alcohol, and had slowed motor responses, causing Officer Collier to conclude he was under the influence of alcohol. Collier looked into the car and saw a .357 Magnum pistol, and a type carrier or holster for a gun, called a gun rug, both lying on the passenger floorboard. On the front seat of the automobile was an open bottle of wine. Collier instructed another policeman, Officer Smith, to get the gun. When the gun and holster were removed, Officer Collier observed "at least five" clear plastic packets or envelopes containing a white powdery substance. Collier took these packets in his possession and kept them until he later turned them over to an investigator, Officer John White. Appellant was taken to jail by Officer Martin, charged with DUI.
At the police station, appellant's personal property was inventoried. In his wallet, appellant had a $2 bill folded in the shape of a square. When it was unfolded to be placed with the appellant's other money, a clear plastic package or envelope containing white powder fell out. This was turned over by Officer Martin to Investigator White.
The appellant's defense was that he had given a ride to two hitchhikers who beat him up. He claimed they gave him the white powdery substance which he put inside his $2 bill in his wallet and they left the other 17 packets of white powdery substance in the car. He explained that he had been on his way to the police station to turn in the white powdery substance, which turned out to be cocaine. As he turned the corner on his way to the station, he said his automobile brakes failed, causing him to strike the parked car.
The jury presumably rejected this story when they found appellant guilty as charged of possession of cocaine. Appellant now challenges the means by which the police officers gathered, secured and maintained the evidence.
 I
Appellant first challenges state's exhibit 1, the $2 bill folded up around the packet of cocaine. The same challenge is *Page 976 
leveled at state's exhibit 2, the other 17 packets of cocaine.
Officer White testified that he put exhibits 1 and 2 in the narcotics locker at the police station. It was then testified that Officer Mendheim took the evidence to criminalist Joseph Saloom, who kept it under lock and key when not testing it until he returned it to Mendheim in a sealed condition. Mendheim returned it to the narcotics locker. Officer Martin checked out state's exhibits 1 and 2 for the purpose of the trial. Officer Martin was unsure whether Officers Smith and White or Officers Smith and Collier took the cocaine out of the car. This uncertainty does not reduce the reasonable probability that the evidence is the same as and not substantially different from the way it was at the commencement of the chain of custody. As we have stated in numerous cases and specifically in Sexton v. State, 346 So.2d 1177
(Ala.Cr.App.), cert. denied, 346 So.2d 1180 (Ala. 1977):
 "To warrant the reception of an object into evidence against an objection that an unbroken chain of custody has not been shown, it is not necessary that it be proved to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from, the object as it existed at the commencement of the chain."
No error was committed in this respect.
 II
Appellant contends that the cocaine was illegally seized because the police had no right to move the gun and holster under which the cocaine was found. We disagree.
While the appellant failed to preserve this issue, the facts are clear that when the police moved the gun and holster, Banks was in their custody, whether or not the actual words "You are under arrest" were said to him. He was certainly not free to leave the scene.
When police officers who arrest a driver for DUI observe a pistol and holster on the floorboard of the perpetrator's car, they are justified in picking them up and moving them. In this instance, the appellant's car was towed in and an inventory search was conducted of the rest of the car. To leave the weapon where it was would have been dubious police practice. Of course, when the gun and holster were picked up, the packets of white powder were clearly visible. There is no reason to believe that the officers could have foreseen that they would be there. The police had a right to be where they were, and the intrusion in moving the gun and holster was justified. The discovery of the drugs was inadvertent. Clear plastic packets containing a white powdery substance constitute evidence of wrongdoing. See Myers v. State, 431 So.2d 1342 (Ala.Cr.App. 1982), cert. quashed, Ex Parte Myers, 431 So.2d 1346 (Ala. 1983); Gaines v. State, 429 So.2d 630 (Ala.Cr.App. 1982).
 III
Appellant next contends that when the police testified that he was arrested for driving while under the influence, they testified to "a prior bad act" in violation of the rules of evidence. It is obvious in this case, however, that the authorities had to testify to the arrest for driving while under the influence. It was part of the res gestae. Moving the pistol was done pursuant to the DUI arrest. This contention has no merit.
 IV
Appellant states that the court erred when it put a question to witness Martin as to whether he was the one who got the envelopes out of the car. The witness's answer was, "Another officer had removed it." Evidently, appellant objects to the court's use of the word "envelopes" or to the court's attempt to clear up what was in fact conflicting testimony as to who took the drugs from the car. This is certainly not error, nor could it have prejudiced the appellant. This contention is without merit. *Page 977 
 V
Appellant asserts that the court's giving the Alabama Pattern Criminal Jury Instructions, Sec. III-E-4.4, violated his rights. The complained of jury instruction states:
 "The defendant may testify as a witness on his own behalf, and when he does so you may consider the testimony of the defendant along with all the other evidence, and in the light of the fact that he is the defendant and the interest he has in your verdict. This is to be taken into consideration together with all the other evidence, or lack of evidence."
Appellant argues that this jury charge singles out the appellant; that it gives his testimony prominence or special attention; and that it tends to disparage his testimony. One of the duties of the trial court is to instruct the jury about the accused's testimony. This charge correctly states the law and the jury's duty and should be given in every case where the defendant testifies.
 VI
Appellant contends that the court failed to correctly charge the jury on reasonable doubt. Not only did the court charge on reasonable doubt as part of its oral charge, but also it gave ten of appellant's written requested charges on the subject of reasonable doubt. No proper objection was directed to the question of reasonable doubt, so the issue was not properly preserved. Allen v. State, 414 So.2d 989 (Ala.Cr.App. 1981), aff'd, 414 So.2d 993 (Ala. 1982). Even had the issue been preserved, we find that the court properly charged on this concept.
 VII
Appellant finally contends that the state was required to prove the ownership of the car in which the cocaine was found. This is not the law. The case of Cook v. State, 341 So.2d 183
(Ala.Cr.App. 1977), is not authority for this proposition. Appellant did testify that he owned the automobile. Never did he deny that the billfold, the $2 bill, and the cocaine concealed in the $2 bill belonged to him. We can find no merit in this contention.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur except BOWEN, P.J., who concurs in result only.
 *Page 133