John Cephus, Sr., was indicted for the sale of cocaine in violation of § 20-2-70, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment." The appellant was sentenced to 15 years' imprisonment in the state penitentiary.
The appellant does not challenge the sufficiency of the evidence. Thus, the facts of this case will be briefly stated.
On August 8, 1987, John Crawford, an undercover agent for the A.B.C. Board, purchased cocaine from the appellant at the appellant's home. This is located in Bullock County, Alabama. During this undercover investigation 18 arrests were made.
 I
The appellant contends that the trial judge erred by not allowing the appellant to question John Crawford about a misidentification of Allen Faulk, who was also indicted during the same undercover investigation.
The defense counsel, on cross-examination of Crawford, tried to elicit testimony concerning a misidentification of Faulk. Due to the misidentification given to the grand jury, the indictment against Faulk was nol prossed.
The appellant argues that Crawford was the one who made the misidentification. However, when the trial judge decided not to allow Crawford to be cross-examined on this matter, he stated:
 "The Court being aware of that particular case Mr. Wilson [appellant's attorney] is talking about, it was a misidentification not by the witness, it was an improper name given the grand jury by somebody other than the prosecuting witness [Crawford]. He gave the name as he knew it, which was a nickname, and he did not identify him by sight; therefore, I deny — I overrule the objection." (R. 58-59).
 "The scope of cross-examination in a criminal proceeding is within the discretion of the trial court, and it is not reviewable except for the trial judge's prejudicial abuse of discretion. The right to a thorough and sifting cross-examination of a witness does not extend to matters that are collateral or immaterial and the trial judge is within his discretion in limiting questions which are of that nature."
Burton v. State, 487 So.2d 951 (Ala.Crim.App. 1984). SeeWesley v. State, 481 So.2d 1155 (Ala.Crim.App.), rev'd onother grounds, 481 So.2d 1162 (Ala. 1985).
The misidentification of Faulk by someone other than Crawford would clearly be immaterial as to Crawford's identification of this appellant.
Accordingly, the trial judge properly refused to allow the appellant to question Crawford about someone else's misidentification of Faulk.
 II
The appellant argues that the trial judge erred in refusing his written requested jury charge concerning misidentification. A similar jury charge to the one which was refused was read to the jury in the court's oral charge. In refusing this jury charge the trial judge stated that this jury charge was cumulative.
A refused jury charge, which is a correct statement of law, shall not be grounds for reversal if the same rule of law has been adequately covered in other jury charges given at the request of the parties. Ala. Code § 12-16-13 (1975). SeeHenderson v. State, 460 So.2d 331 (Ala.Crim.App. 1984).
Thus, the trial judge properly refused this jury charge because it had already been adequately covered.
 III
The appellant asserts that the trial judge erred in sustaining an objection to a question concerning whether a character witness *Page 402 
would believe the testimony of the appellant in a court of law.
During the direct examination of Judge Fitzpatrick by defense counsel, the following occurred:
 "Q Do you know his general reputation in the community for truth and veracity?
 "A Well, all I know is it is good as far as I know.
 "Q And would you believe Mr. Cephus in a court of law?
 "MR LeMAISTRE: I'm going to object to that. I don't think that is a proper question.
"THE COURT: Sustained.
 "MR. JAMES: I believe that is all. This gentleman may have some questions for you, sir." (R. 79-80).
 "When a witness testifies to another's good general reputation as a whole or with respect to truth and veracity, for the purpose of supporting such other's credibility, the supporting witness may testify further that, from his knowledge of such reputation, he would believe such other under oath and/or would believe such other under oath in a case in which such other was personally interested."
C. Gamble, McElroy's Alabama Evidence, § 176.01(1) (3d ed. 1977) (footnotes omitted) (emphasis added).
We believe the trial judge correctly sustained the State's objection to defense counsel's question concerning whether Fitzpatrick would believe the appellant in a court of law because the question was not correctly framed. The question should have been asked whether Fitzpatrick would believe the appellant in a court of law from his knowledge of the appellant's good general reputation as a whole, with respect to truth and veracity.
Furthermore, even if error occurred, the appellant must establish not only error but that such error is probably injurious to the appellant. Rule 45, A.R. A.P.; Page v. State,487 So.2d 999, 1005 (Ala.Crim.App. 1986). If error occurred in this instance, it was harmless error because two character witnesses were allowed to answer a question similar to the one Fitzpatrick was not allowed to answer.
Thus, the substantial rights of the appellant were not affected.
 IV
The appellant maintains that the trial judge erred by refusing to require the prosecuting attorney to furnish to the appellant written notes made by Crawford during his undercover investigation.
John Crawford testified that, during the police investigation, he would write down a description of the person from whom he had just purchased drugs and information about such purchase. These notes were used by Crawford during his testimony. The appellant argues that these notes should have been made available to the appellant as required by Brady v.Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
In Brady, the United States Supreme Court held that due process of law requires a prosecutor, upon request, to reveal favorable evidence to the accused which is material to the guilt or punishment of the accused.
In Knight v. State, 478 So.2d 332 (Ala.Crim.App. 1985), this court, quoting Monroe v. Blackburn, 607 F.2d 148, 150 (5th Cir. 1979) stated that three elements must be proven to establish a Brady violation. These elements are:
 "(1) The prosecution's suppression of evidence; (2) The favorable character of the suppressed evidence for the defense; (3) The materiality of the suppressed evidence."
Knight, 478 So.2d at 335.
It appears from the record that Crawford's notes only included the appellant's age, race, sex, nickname and street address. The appellant did not meet the criteria to establish a Brady violation, because he did not show the favorable character or materiality of this evidence. Rule 18.2, Ala.Temp. Rules of Criminal Procedure.
Thus, no error occurred when the trial judge refused to require the prosecutor to *Page 403 
furnish Crawford's written notes to the appellant.
We have reviewed this record and found no error. The judgment below is, hereby, affirmed.
AFFIRMED.
All the Judges concur.