We granted the writ of certiorari to review the judgment of the Court of Criminal Appeals, which reversed Edward Earnest Stephens's conviction of first degree robbery. The issue to be addressed is whether the trial court erred in failing to recite verbatim Stephens's requested jury charge regarding corroboration testimony when the court instructed the jury on that issue. The Court of Criminal Appeals cited Chavers v.State, 361 So.2d 1106 (Ala. 1978), and Roy v. State,375 So.2d 1289 (Ala.Crim.App. 1979), in support of its decision that the trial court's refusal to give Stephens's requested jury charge verbatim was reversible error. We do not agree.
This Court has previously stated:
 "[E]very accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however, weak, insufficient, or doubtful in credibility."
Chavers v. State, 361 So.2d at 1107 (citation omitted). This entitlement, however, is not absolute.
 "The refusal of a requested written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in other charges given at the request of the parties."
Rule 14, Ala.Temp.R.Crim.P. See, also, Ala. Code 1975, §12-16-13; Lambeth v. State, 380 So.2d 923 (Ala. 1979); Cephusv. State, 539 So.2d 400 (Ala.Crim.App. 1988), *Page 163 cert. denied, February 3, 1989; and Lundy v. State,539 So.2d 324 (Ala.Crim.App. 1988).
The portion of Stephens's requested charge at issue reads:
 "Corroborated evidence must be of a substantive nature, must be inconsistent with the innocence of the accused and must do more than raise suspicion of guilt."
This is a correct statement of the law. Thompson v. State,374 So.2d 388 (Ala. 1979); McCoy v. State, 397 So.2d 577
(Ala.Crim.App. 1981). The trial court's jury charge read, in part:
 "Now, there is another matter of law that has come up in this case and it involves the testimony of an accomplice. I would charge you that as a matter of law . . . the witness Crowder would be an accomplice in this case, and the law concerning that is as follows: A conviction for a felony cannot be had on the testimony of an accomplice, or numerous accomplices, unless such testimony is corroborated by other evidence tending to connect the Defendant with the commission of the offense. And the rule is that such other evidence, to be sufficient, must be believed by the jury beyond a reasonable doubt and to a moral certainty. If such other evidence merely shows the commission of the offense, or the circumstances thereof, without connecting the Defendant with the commission of the offense, such other evidence would not be sufficient and the Defendant could not be convicted.
". . . .
 "If a jury views the evidence in the case as reasonably permitting either of two conclusions, one of innocence and the other of guilt, the jury would, of course, have to adopt the conclusion of innocence. If you believe the evidence in the case did nothing more than create a suspicion or possibility or speculation or guess that the Defendant is guilty of a criminal act, then that's insufficient to base a conviction on. Circumstances merely causing a suspicion of guilt are insufficient to justify a conviction."
After a careful review of the record, including the entire oral charge given to the jury by the trial court, this Court is convinced that the instruction requested by Stephens was substantially and fairly given by the trial court in its general charge to the jury. There was no reversible error.
For this reason, the judgment of the Court of Criminal Appeals is reversed, and the case is remanded to that court with instructions to enter an order consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS, HOUSTON and KENNEDY, JJ., concur.
JONES and ALMON, JJ., dissent.