PER CURIAM.
The appellant appeals from his conviction for sexual abuse in the second degree, in violation of § 13A-6-67, Code of Alabama 1975. He received a one-year sentence.
The appellant contends that the trial court erred in charging the jury as follows:
“The defendant has testified as a witness on his own behalf. And when he does so, you must consider the testimony of the defendant along with all other evidence in light of the fact that he is the defendant and the interest he has in your verdict.” (Emphasis supplied.)
(R. 322.) The appellant contends that the trial court’s use of the word “must” constitutes reversible error, because, he argues, the instruction as given required the jury to consider the appellant’s testimony in light of his interest in the verdict. Thus, the trial court infringed on the role of the jury. We agree.
“It seems unnecessary to again say, what we have so many times already said: i.e. that the rule is that the jury may consider defendant’s testimony in the light of his interest, etc., not that they must.” Miller v. State, 21 Ala.App. 283, 107 So. 721, 722 (1926). See also Kyle v. State, 21 Ala.App. 256, 107 So. 222 (1926); Mann v. State, 20 Ala.App. 540, 103 So. 604 (1925). In Banks v. State, 448 So.2d 973 (Ala.Crim.App.1984), this court approved an instruction that stated that when a defendant testifies in his own behalf, the jury may consider his testimony along with the other evidence and in light of his interest in the verdict. This court stated that the charge *171 in Banks correctly stated the law and the duty of the jury, and should be given in every case in which the defendant testifies.
We find that the trial court’s charge was an incorrect statement of the law and that it infringed on the jury’s role as the ultimate factfinder in the case. Thus, the judgment is due to be reversed. In view of the foregoing, we find it unnecessary to consider the appellant’s remaining argument.
REVERSED AND REMANDED.
All the Judges concur.