The appellant, Roger Dale Rice, was convicted for driving under the influence of alcohol, in violation of Ala. Code 1975, § 32-5A-191(a)(2). He was fined $3,000 and was sentenced to serve one year in the county jail. That sentence was "split" with the appellant to serve 120 days and the balance suspended upon the payment of fine and costs. The appellant raises four issues on this appeal from that conviction.
 I.
The district attorney's complaint charged that the appellant "did operate or was in actual physical control of a motor vehicle . . . in violation of Title 32-5A-191-(A)(2), of the Code of Alabama." CR. 14. The appellant alleges that the complaint was defective because "[t]here was never an attempt on behalf of the State to prove the actual control and was so misleading to lay people that it prevented the Defendant from obtaining a fair and impartial trial." Appellant's Brief at 4.
This particular complaint
 "clearly tracks the words of the statute and is not vague or indefinite. Furthermore, this court has held that adding the words 'or was in actual physical control of a vehicle' does not change the nature of the offense. See Abbott [v. State, 494 So.2d 789, 791 (Ala.Cr.App. 1986)].
 "The complaint against the appellant is not vague or indefinite, nor does it fail to apprise [him] of the accusation against [him]."
Gentile v. City of Guntersville, 589 So.2d 809, 810
(Ala.Cr.App. 1991).
 II.
The appellant contends that the "unsupported conclusion of the police officer that the defendant could not operate the vehicle safely would not be sufficient to sustain the conviction." Appellant's brief at 5-6.
State Trooper Mike Mitchell was the arresting officer. He was conducting a driver's license check when he observed the appellant's truck stop approximately 150 feet before the check point. He testified that he observed the appellant, who had *Page 1163 
been driving, change places with Robert Brooks, who was one of the two passengers in the truck. Trooper Mitchell smelled alcohol on both the appellant and Brooks. The trooper testified that the appellant did not follow the directions the trooper gave to him and that the appellant failed the field sobriety tests. Trooper Mitchell stated: "Based on the results of the [field sobriety] tests, Mr. Rice's balance being impaired, the odor of alcohol around his body, the fact he could not follow simple directions and instructions, my opinion was he was under the influence of alcohol." R. 17. It was Mitchell's opinion that the appellant could not safely operate a vehicle.
In order to sustain a conviction for DUI under §32-5A-191(a)(2), the prosecution must prove that the defendant had " 'consumed such an amount of alcohol as to affect his ability to operate a vehicle in a safe manner.' " Ex parteBuckner, 549 So.2d 451, 454 (Ala. 1989). However, in order to demonstrate that the defendant could not operate a vehicle in a safe manner, eyewitness testimony that the defendant was seen driving in an unsafe or erratic manner is not essential. SeeReuther v. City of Leeds, 599 So.2d 1246, 1250
(Ala.Cr.App. 1992). "A conviction for driving under the influence may be based on circumstantial evidence." Lawrence v.State, 601 So.2d 194, 196 (Ala.Cr.App. 1992). See Bickerstaff v.State, 516 So.2d 800 (Ala. 1987) (it is for "the trier of fact to determine, when a driver is found to be intoxicated, whether the driver's drunken condition existed at the time of the accident or arose in the interim between the accident and the investigation").
 III.
In instructing the jury on the credibility of witnesses, the trial court stated: "[Y]ou are entitled to consider any interest that a witness has as a result of that witness's connection with this case. With the defendant, you may consider his testimony in the light he is the defendant and what he has to gain or lose by your verdict in this case." R. 101. The appellant alleges that by identifying the appellant, "[t]he charge had the effect of the casting an unfair shadow upon the Defendant's testimony." Appellant's brief at 6.
This issue is raised for the first time on appeal. At trial, the appellant's objection to the trial court's oral charge was "that the Court did not address the credibility of the police officer." R. 106. This issue is not preserved for appellate review. Rule 21.2, A.R.Crim.P. Furthermore, the instruction was a correct statement of the law. Banks v. State, 448 So.2d 973,977 (Ala.Cr.App. 1984).
 IV.
The appellant cites five instances of alleged prosecutorial misconduct.
1) Robert Brooks was the passenger in the truck who switched places with the appellant. He testified that the appellant "got his knee messed up in a car wreck years ago" (R. 54) and that the appellant was crippled. On cross-examination, the prosecutor asked Brooks, "He [the appellant] is not brain-dead, is he?" R. 67. The trial court sustained defense counsel's objection but overruled his motion for a mistrial. Given the fact that it was the contention of the appellant that he failed the sobriety tests because he was disabled, the question, although improper, is not so prejudicial as to warrant the granting of a mistrial. A motion for a mistrial "is addressed to the sound discretion of the trial court, and its ruling will not be reversed in the absence of a clear showing of abuse of discretion." Ex parte Jefferson, 473 So.2d 1110, 1114
(Ala. 1985), cert. denied, 479 U.S. 922, 107 S.Ct. 328,93 L.Ed.2d 300 (1986).
2) Immediately after the trial court overruled the appellant's motion for a mistrial in connection with the above question, the prosecutor asked Brooks, "Can [the appellant] think?" The trial court sustained the appellant's objection and no further curative action was requested. R. 68. An adverse ruling is a prerequisite for preserving alleged error for appellate review. Harrell v. State, 555 So.2d 257, 259
(Ala.Cr.App.), affirmed, 555 So.2d 263 (Ala. 1989). *Page 1164 
3) The trial court sustained defense counsel's objection to the prosecutor's argument in closing argument that the appellant "made the worst witness that I have ever seen." R. 95. There was no adverse ruling and nothing is preserved for our review. Harrell, 555 So.2d at 259.
4) In closing argument the prosecutor stated: "If [the appellant] is combative with me in here with a judge on the bench, I wonder how nice he was or cooperative to [Trooper] Mitchell out there —" In response to defense counsel's argument, the trial court stated, "You may argue demeanor to the jury. You cannot argue your personal opinion of his credibility." R. 95. Even if the trial court's response was taken as a ruling on the appellant's objection, see Hammond v.State, 502 So.2d 843, 845 (Ala.Cr.App. 1986), cert. denied,482 U.S. 917, 107 S.Ct. 3193, 96 L.Ed.2d 681 (1987), there was no adverse ruling. Consequently, this issue is not preserved for our review. Harrell, 555 So.2d at 259.
5) In closing argument the prosecutor stated: "This case is not unique. Please, please don't consider it as that." In response to defense counsel's objection that it was improper for the prosecutor "to beg the jury to give up their standing," the trial court responded: "Mr. Livingston [the prosecutor], just give the inferences to the testimony." R. 95-96. Again, there was no adverse ruling on the objection and therefore nothing is preserved for review. Harrell, 555 So.2d at 259.
The appellant received a fair trial and the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.