McMILLAN, Judge.
The appellant was charged in two separate indictments with the unlawful distribution of cocaine, in violation of § 13A-12-211, Code of Alabama 1975, and the unlawful possession of cocaine, in violation of § 13A-12-212, Code of Alabama 1975. The appellant pleaded guilty to the possession charge and was tried and subsequently convicted the following day for unlawful distribution. The appellant was sentenced to 10' years’ imprisonment on the distribution conviction and 2 years’ imprisonment on the possession conviction, with the sentences to run concurrently. The appellant was ordered to pay a $500.00 fine, $20.00 restitution, and $50.00 to the Victims Compensation Fund.
The appellant argues that the trial court committed reversible error by denying his motion to dismiss the charge of unlawful distribution of a controlled substance on grounds of double jeopardy. More particularly, he argues that he should not have been tried for unlawful distribution because he had pleaded guilty to unlawful possession, which he contends is a lesser included offense of unlawful distribution. He bases his argument upon the assertion that both charges stem from the same transaction.
The record indicates that the undercover officer who made the purchase observed the appellant pull several rocks of cocaine from his left front shirt pocket. The officer then purchased one of these rocks and left the scene. He had been monitored by other officers during the transaction. Within close to one minute of the purchase time, this officer notified the monitoring officers of the appellant’s description and a description of his whereabouts and actions. Other officers shortly thereafter approached the appellant and, finding the additional crack cocaine on his person, arrested him for possession of the narcotic. During the appellant’s trial concerning the unlawful distribution of the cocaine, the State introduced evidence from the officer as to the time, location, and circumstances of the purchase. The State then ascertained that the officer had called in a description of the appellant and his location. During the cross-examination of this witness, defense counsel elicited testimony that this officer told the “receiving officers,” who were listening on the monitor, that the appellant had several pieces of crack cocaine remaining in his pocket. The State thereafter presented the testimony of a monitoring officer who testified that he received information from the purchasing officer concerning the appellant’s description and whereabouts and information that he was entering a car and proceeding in a certain route. The officer also testified that the purchasing officer informed him that the appellant had 10 or 11 pieces of crack in his pocket.
The trial court had previously denied the appellant’s objection based on double jeopardy and, following the evidence presented, again denied the appellant’s motion, stating:
“I think that the — for the purpose of double jeopardy issue that the evidence seems fairly clear that it was the same *1172 collection of controlled substances that the Defendant exhibited to Officer Wheeler. The time factor, the distance factor, lack of opportunity to get other controlled substances and so forth mandates that conclusion. I don’t think any other conclusion is possible. Nonetheless, I find that they are distinct offenses, the sale offense and the possesso-ry offense, because it is also I think impossible not to conclude that the actual controlled substance sold to Officer Wheeler was not the very same controlled substance in his pocket after he sold it. I think that conclusion is also impossible to avoid under the facts. That is, that he sold presumably one piece to Officer Wheeler, gave it to him, left, and then was arrested in possession of the remaining pieces, and I find that as a matter of fact. Under those circumstances I find that double jeopardy does not bar the sale offense and I find the Defendant guilty of unlawful distribution of controlled substances.”
In this case, the offenses of distribution and possession have neither the identical statutory elements, nor is one a lesser-included offense of the other. See Buice v. State, 574 So.2d 55, 57-58 (Ala.Cr.App. 1990) (“ ‘Possession of marijuana is not a lesser-included offense, but is a co-ordinate offense to the crime, and to a charge, of selling marijuana’ ”). Thus, there was no violation of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Moreover, factually the two charges concerned different rock cocaine, although the appellant had apparently been in possession of all of this illegal substance when he made the initial sale.
In Ex parte Darby, 516 So.2d 786 (Ala. 1987), the Alabama Supreme Court addressed a situation in which the defendant was arrested, after an informant, under police observation, had bought cocaine from him. Two indictments were brought against the defendant, one charging the unlawful sale of the cocaine, and the other charging the unlawful possession of cocaine. However, by footnote, the Alabama Supreme Court stated that the second indictment, which charged “possession,” actually charged a violation of § 20-2-80(2) (repealed), which created the felony of trafficking in cocaine. The jury returned its verdict in terms of trafficking. The Alabama Supreme Court, in Darby, defined “trafficking” as “ ‘to engage in commercial activity: buy and sell: trade; to engage in illegal or disreputable business activity.’ ” That court based its decision on the grounds that the appellant was convicted of both selling and trafficking in cocaine. The Court held that this violated the constitutional provisions regarding double jeopardy, stating:
“To punish a person for ‘regularly selling’ and for ‘selling’ when he has been arrested only once for selling some of what was then in his possession and retaining the rest is clearly to violate the constitutional prohibition against subdividing a criminal act and imposing multiple punishments for it.”
Id. at 788. Thus, the Alabama Supreme Court held that the sale of cocaine was a lesser-included offense of trafficking in cocaine and, therefore, that the conviction for the sale violated the defendant’s rights against double jeopardy.
However, in the present case, these two charged offenses do not concern the same cocaine or the same criminal act. The appellant was not charged with the possession of the cocaine that he sold to the undercover officer. Moreover, his retention of the rest of the cocaine was not a part of the criminal act of the sale. Clearly the appellant could have subsequently sold this remaining cocaine or he could have used it himself, either of which would have constituted a criminal act separate from the original sale.
In Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the United States Supreme Court expanded the Blockburger test to hold that, in order to determine whether the double jeopardy clause had been violated, a court must determine what conduct the State will prove, rather than the “actual evidence” that the State will use to prove it. Thus, in Grady v. Corbin, supra, because the prosecutor stated in his bill of particulars that he *1173 intended to prove all of the conduct that had constituted the basis for the appellant’s first conviction, in proving his violation of subsequent offenses arising from the same series of transactions, the State violated the defendant’s rights against double jeopardy. The United States Supreme Court further held that the subsequent prosecution would not have been barred had the State’s bill of particulars revealed that the prosecution would rely solely on the conduct constituting the subsequently charged offense, which did not include the conduct encompassing the prior convictions. Although the State had indicated it would prove all of the conduct supporting the prior convictions, this proof would have been unnecessary, as there was proof of other conduct by the defendant that would have supported the subsequent charges.
In the present case, the State’s allegations in the indictment did not violate Grady v. Corbin, supra; nor did the State’s ultimate proof of the offensive conduct introduced at trial. Any error in the State’s presentation of evidence that the appellant had retained 10 to 11 rocks of cocaine following the sale and that the arresting officers were informed of this fact, was harmless, because defense counsel initially elicited this testimony on cross-examination of the State’s first witness, the purchasing officer. Garrett v. State, 580 So.2d 58 (Ala.Cr.App.1991); Reuther v. State, 599 So.2d 1246 (Ala.Cr.App.1992).
Because the appellant’s convictions do not violate his rights against double jeopardy under the Blockburger test or the standard established in Grady v. Corbin, supra, we find no error by the trial court in this regard.
AFFIRMED.
All Judges concur.
BOWEN, J., concurs specially with opinion.