BOWEN, Presiding Judge.
Larry Alan Isbell was convicted for driving under the influence of alcohol and was fined $250. On appeal, Isbell contends that the trial court erred in failing to grant his motion to dismiss because the City of Midfield failed to “file the notice [of appeal] and other documents” in the circuit court within fifteen days as required by Alabama Code 1975, § 12-14-70.
The facts are stipulated and undisputed. On September 24, 1985, Isbell appeared in the Midfield Municipal Court and stated to the judge, “Your Honor, the Defendant would like to enter a plea of not guilty and stipulate to the facts of this case and appeal.” The trial judge found Isbell guilty and fined him $250.
“A defendant may appeal in any case [from a judgment of a municipal court] within 14 days from the entry of judgment by filing notice of appeal and giving bond_” Alabama Code 1975, § 12-14-70(c). On October 8, 1985, fourteen days *1064 after he was convicted, Isbell filed his appeal bond as required.
Alabama Code 1975, § 12-14-70(d), states:
“When an appeal has been taken, the municipality shall file the notice and other documents in the court to which the appeal is taken within 15 days, failing which the municipality shall be deemed to have abandoned the prosecution, the defendant shall stand discharged and the bond shall be automatically terminated.”
The City filed “the notice and other documents” in the circuit court of Jefferson County on October 15, 1987, seven days after Isbell had filed his appeal bond and twenty-one days after Isbell had been convicted.
Isbell contends that he gave notice of appeal at the time he pleaded guilty and that, therefore, the City had fifteen days from that date (September 24) to perfect the appeal. This contention is erroneous.
In order to appeal from the judgment of a municipal court, § 12-14-70(c) requires that the defendant file notice of appeal and give bond. “The legislature obviously intended that the two requirements of filing a ‘notice of appeal and giving bond’ must be met, unless the municipal court waives the appearance bond for any of the reasons specified in the statute.” Albritton v. Municipality of Cottonwood, 491 So.2d 1096, 1098 (Ala.Cr.App.1986) (emphasis in original). Here, the City properly perfected the appeal because it filed the notice and other documents within fifteen days from the time Isbell gave notice of appeal and gave bond. Is-bell’s oral notice of his intent to appeal given before the judgment of conviction was not a proper or adequate notice of appeal required by the statute.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.