This petition for writ of mandamus, filed by the City of Fort Payne, Alabama, seeks an order requiring DeKalb County Circuit Judge David A. Rains to set aside his dismissal of the charges against Weston Hammon for assault.
The significant facts, set forth below in chronological order, are undisputed:
 September 28, 1992: Weston Hammon was charged with assault in the third degree in Fort Payne municipal court.
 November 2, 1992: Hammon was convicted and sentenced in municipal court. Hammon filed a written notice of appeal and requested a jury trial.
 November 13, 1992: The appeal bond was executed by Hammon's sureties and approved by the municipal court clerk.
 November 25, 1992: The municipal court clerk transmitted the original records of the proceedings to the clerk of the circuit court.
 June 28, 1993: Hammon's case was called for trial in circuit court. Hammon moved to dismiss the charge on the ground that the city had failed to transmit the record within 14 days of his giving notice of appeal.
 July 7, 1993: The circuit court entered a written order granting the motion to dismiss, relying on Rule 30.4, A.R.Crim.P.
The circuit judge properly dismissed the charges against Hammon because the municipal court clerk failed to transmit the records of the proceedings to circuit court within 14 days of the notice of appeal.
Before the effective date of the Alabama Rules of Criminal Procedure, which was January 1, 1991, appeals from municipal court to circuit court for trial de novo were governed by Ala. Code 1975, § 12-14-70, which provided in part:
 "(c) A defendant may appeal in any case within 14 days from the entry of judgment by filing notice of appeal and giving bond. . . .
 "(d) When an appeal has been taken, the municipality shall file the notice and other documents in the court to which the appeal is taken within 15 days, failing which the municipality shall be deemed to have abandoned the prosecution, the defendant shall stand discharged and the bond shall be automatically terminated." (Emphasis added.)
In order to appeal for a trial de novo in circuit court from a judgment of a municipal court, § 12-14-70(c) required the defendant to file a notice of appeal and to give bond.Isbell v. City of Midfield, 507 So.2d 1063, 1064 (Ala.Cr.App. 1987). Under that section, the time within which the municipality was required to file the notice and other documents in circuit court began to run when the defendant perfected his appeal, that is, when he gave notice of appealand posted bond.
However, effective January 1, 1991, § 12-14-70 was superseded by Rule 30, A.R.Crim.P. See Rule 1.5, A.R.Crim.P. The City of Fort Payne argues that Rule 30 "dramatically changed the commencement of the time period in which a municipality has to transmit to the circuit clerk records of the municipal proceedings." Petition for Writ of Mandamus at 2. We agree.
Rule 30.3 provides:
 "(a) Notice of Appeal. A defendant may appeal from a final judgment in a criminal case entered by a municipal or district court for trial de novo in circuit court by filing with the clerk of the municipal or district court a written notice of appeal within fourteen (14) days from the date of judgment or the date of denial of a timely filed post-trial motion, whichever is later. . . .
 "(b) Perfecting Appeal. An appeal from the municipal or district court for trial de novo in circuit court shall be perfected by the timely filing of a written notice of appeal and the posting of bond. . . ."
Rule 30.4 provides:
 "(a) Record on Appeal to Circuit Court. Within fourteen (14) days after the filing of *Page 1038 a notice of appeal to the circuit court for trial de novo, the clerk of the municipal or district court shall transmit to the clerk of the circuit court such records of the proceedings as are in his possession, including the original charging instrument. If appeal is from a municipal court and the clerk thereof shall fail to transmit such records to the clerk of the circuit court within the time prescribed, the municipality shall be deemed to have abandoned the prosecution; the defendant shall stand discharged, with prejudice; and any bond shall be automatically terminated." (Emphasis added).
Under Rule 30.4(a), the duty of the clerk of the municipal court to transmit the records to the circuit court for trial de novo is triggered by the "filing of a notice of appeal." Rule 30.4(a) contains no requirement that the appeal be "perfected" and makes no mention of giving bond. Under the Alabama Rules of Criminal Procedure, filing a notice of appeal (Rule 30.3(a)) is not the same as perfecting an appeal (Rule 30.3(b)).
Under Rule 30.4(a), the clerk of the municipal court must transmit the records of the proceedings within 14 days of the defendant's filing of notice of appeal. The language of Rule 30.4(a) is unambiguous and leaves no room for interpretation. In this case Hammon filed his notice of appeal on November 2, 1992. Under Rule 30.4(a), the municipal court clerk was required to transmit the record to the circuit court by November 16, 1992. Because this record was not transmitted until November 25, 1992, the circuit court had no choice but to dismiss the prosecution.
This Court urges the Alabama Supreme Court to grant certiorari review in this case. This Court recommends that the first sentence of Rule 30.4(a), A.R.Crim.P., be amended to read: "Within fourteen (14) days after the appeal to thecircuit court for trial de novo is perfected as provided byRule 30.3(b), the clerk of the municipal or district court shall transmit to the clerk of the circuit court such records of the proceedings as are in his possession, including the original charging instrument."
The petition for writ of mandamus is denied.
PETITION DENIED.
All Judges concur.