This is a petition for a writ of mandamus filed by the district attorney for Morgan County, seeking to compel Morgan County Circuit Judge A.E. Bozeman to set aside his dismissal of certain cases appealed from district court to Morgan Circuit Court for trial de novo.
The petition alleges that the circuit judge, pursuant to Rule 30.4, A.R.Crim.P., dismissed the cases appealed to the circuit court from both the municipal and the district court because the records were not transmitted to the circuit court within 14 days after the filing of the notice of appeal. This petition does not challenge the dismissal of the municipal court cases.
 I.
Rule 30, A.R.Crim.P., governs appeals from municipal and district courts.
Rule 30.4 provides:
 "(a) Record on Appeal to Circuit Court. Within fourteen (14) days after the filing of a notice of appeal to the circuit court for trial de novo, the clerk of the municipal or district court shall transmit to the clerk of the circuit court such records of the proceedings as are in his possession, including the original charging instrument. If appeal is from a municipal court and the clerk thereof shall fail to transmit such records to the clerk of the circuit court within the time prescribed, the municipality shall be deemed to have abandoned the prosecution; the defendant shall stand discharged, with prejudice; and any bond shall be automatically terminated."
(Emphasis added.)
"Under Rule 30.4(a), the clerk of the municipal court must transmit the records of the proceedings within 14 days of the defendant's filing of notice of appeal." Ex parte City of FortPayne, 628 So.2d 1036 (Ala.Cr.App. 1993). If the municipal clerk fails to transmit the records within the 14-day period, the circuit court must dismiss the appeal. Id.
Before the effective date of Rule 30, appeals from municipal court were governed by Ala. Code 1975, § 12-14-70, which also provided a penalty for the failure of the municipal clerk to timely transmit the record. Section 12-14-70 provides, in pertinent part:
 "(d) When an appeal has been taken, the municipality shall file the notice and other documents in the court to which the appeal is taken within 15 days, failing which the municipality shall be deemed to have abandoned the prosecution, the defendant shall stand discharged and the bond shall be automatically terminated."
However, Rule 30.4(a) does not impose a penalty for the failure of the clerk of the district court to transmit the records within the 14-day period. Before the effective date of Rule 30, appeals from district court were governed by Ala. Code 1975, § 12-12-70 (1993 Cumulative Supplement). That section, in pertinent part, provides:
 "(b) Criminal Cases. — A defendant may appeal from a final judgment of the district court in a criminal or quasi-criminal case by filing notice of appeal within 14 days from the date of judgment or from the date of denial of a post-trial motion, whichever is later, together with such bond as may be fixed by the court, conditioned upon the defendant's appearance before the circuit court; . . .
". . . . *Page 1284 
 "(d) When an appeal is to the circuit court, the clerk of the district court, if separate from the clerk of the circuit court, shall forthwith file the notice of appeal, a cost bill and copies of the case file with the clerk of the circuit court."
Although § 12-12-70 provided that the clerk of the district court "shall forthwith file the notice of appeal, . . . and copies of the case file with the clerk of the circuit court," it made no provision for the dismissal of the de novo appeal upon the district court clerk's failure to transmit the record "forthwith" to the circuit court.
In Jones v. City of Daphne, 519 So.2d 587, 588 (Ala.Cr.App. 1987), affirmed in part on other grounds and reversed in part on other grounds, 519 So.2d 589 (Ala. 1987), this Court held that "§ 12-14-70(d) is applicable only to appeals from municipal courts," and that the city's failure to file certain documents in an appeal from the district court did not constitute an abandonment of prosecution.
Therefore, we conclude that Rule 30.4(a) does notrequire the dismissal of district court cases appealed to the circuit court if the clerk of the district court fails to transmit the records to the clerk of the circuit court either within 14 days of the filing of the notice of appeal or "forthwith" after the filing of the notice of appeal. Here, the dismissal of the district court cases was therefore within the discretion of the trial court. Because it appears that the circuit judge may have been under the mistaken impression that Rule 30.4 required the dismissal of the district court cases as well as the municipal court cases, jurisdiction of this cause is remanded to the circuit court for further consideration.
 II
The petitioner claims that the circuit court applied Rule 30.4 retroactively. It is alleged that the district court cases at issue were tried during the period from 1989 through 1993.
The Alabama Rules of Criminal Procedure became effective January 1, 1991. See Rule 1.5, A.R.Crim.P. The Alabama Rules of Criminal Procedure "govern all criminal proceedings, without regard to when the proceeding was commenced." Rule 1.5, A.R.Crim.P.
Rule 30.4 "dramatically changed the commencement of the time period in which a municipality has to transmit to the circuit clerk records of the municipal proceedings." Ex parte City ofFort Payne, 628 So.2d at 1037.
 "In order to appeal for a trial de novo in circuit court from a judgment of a municipal court, § 12-14-70(c) required the defendant to file a notice of appeal and to give bond. Isbell v. City of Midfield, 507 So.2d 1063, 1064 (Ala.Cr.App. 1987). Under that section, the time within which the municipality was required to file the notice and other documents in circuit court began to run when the defendant perfected his appeal, that is, when he gave notice of appeal and posted bond.
 "However, effective January 1, 1991, § 12-14-70
was superseded by Rule 30, A.R.Crim.P. See Rule 1.5, A.R.Crim.P. The City of Fort Payne argues that Rule 30 'dramatically changed the commencement of the time period in which a municipality has to transmit to the circuit clerk records of the municipal proceedings.' Petition for Writ of Mandamus at 2. We agree."
Ex parte City of Fort Payne, 628 So.2d at 1037.
Because Rule 30.4 "dramatically changed the commencement of the time period in which a municipality has to transmit to the circuit clerk records of the municipal proceedings," we hold that Rule 30.4 does not apply to those municipal court cases in which the notice of appeal was given before January 1, 1991.
Therefore, the petition for writ of mandamus is granted to the extent that the circuit court judge is ordered to review the municipal and district court cases in light of the legal principles set out in this opinion.
PETITION GRANTED.
All Judges concur. *Page 1285