KENNEDY, Justice.
The City of Fort Payne seeks a writ of mandamus requiring the Circuit Court of DeKalb County to set aside the dismissal of a criminal charge against Weston Hammon. Fort Payne filed in the Court of Criminal Appeals substantially the same petition for a writ of mandamus, and raised there substantially the same argument as it asserts here. The Court of Criminal Appeals issued an opinion regarding Fort Payne’s argument. Ex parte City of Fort Payne, 628 So.2d 1036 (Ala.Crim.App.1993).
This case involves Hammon’s conviction in the Fort Payne Municipal Court on a charge that was subsequently dismissed on Ham-mon’s appeal to the circuit court. Fort Payne argues that the circuit court’s dismissal was improper. The circuit court dismissed the charge against Hammon, consistent with Ala.R.Crim.P. 30.4(a), because the clerk of the municipal court failed to transmit the record of the municipal court proceedings to the clerk of the circuit court within 14 days after Hammon filed his notice of appeal.
Rule 30.4(a) provides that, on an appeal from a municipal court to a circuit court for a trial de novo, if the municipal court clerk fails to timely transmit the record to the clerk of the circuit court then “the municipality shall be deemed to have abandoned the prosecution [and] the defendant shall stand discharged, with prejudice.”
Fort Payne argues that the duty of the municipal court clerk to transmit the record either was or should be triggered by the perfecting of an appeal, rather than by just the filing of a notice of appeal. Therefore, it says, the dismissal of the charge against Hammon was improper.
As to this question, the Court of Criminal Appeals stated:
“Under Rule 30.4(a), the duty of the clerk of the municipal court to transmit the records to the circuit court for trial de novo is triggered by the ‘filing of a notice of appeal’ Rule 30.4(a) contains no requirement that the appeal be ‘perfected’ and makes no mention of giving bond. Under the Alabama Rules of Criminal Procedure, filing a notice of appeal (Rule 30.-3(a)) is not the same as perfecting an appeal (Rule 30.3(b)).
“Under Rule 30.4(a), the clerk of the municipal court must transmit the records of the proceedings within 14 days of the defendant’s filing of notice of appeal. The language of Rule 30.4(a) is unambiguous and leaves no room for interpretation. In this case Hammon filed his notice of appeal on November 2, 1992. Under Rule 30.4(a), the municipal court clerk was required to transmit the record to the circuit court by November 16, 1992. Because this record was not transmitted until November 25, 1992, the circuit court had no choice but to dismiss the prosecution.
“This court urges the Alabama Supreme Court to grant certiorari review in this ease.[1] This Court recommends that the first sentence of Rule 30.4(a), A.R.Crim.P., be amended to read: ‘Within fourteen (14) days after the appeal to the circuit court for trial de novo is perfected as provided by Rule 30.3(b), the clerk of the municipal or district court shall transmit to the clerk of the circuit court such records of the proceedings as are in his possession, including the original charging instrument.’ ”
Ex parte City of Fort Payne, 628 So.2d at 1038.
Rule 30.4(a) has been amended by an order of this Court, effective April 1, 199k, to require that the clerk of the municipal or district court transmit the record within 14 days “after the appeal to the circuit court for trial de novo is perfected as provided by Rule 30.3(b).”
*1349 However, that amendment does not apply to this case. The Court of Criminal Appeals correctly stated the law. The circuit court properly dismissed the charge against Ham-mon, based on Rule 30.4(a) as it read at the time of Hammon’s appeal.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL, INGRAM; and COOK, JJ., concur.

1. Ala.R.App.P. 21(e) provides for review of the denial of a petition for writ of mandamus in a court of appeals, by filing, as here, a similar petition for a writ of mandamus in this Court, unless a rehearing was sought in the court of appeals. In that instance, review is by way of a writ of certiorari.
Given the procedural posture of this case, Fort Payne properly filed in this Court its petition for a writ of mandamus.