BOWEN, Presiding Judge.
Jerry Dean Long, the appellant, was convicted of driving under the influence of alcohol and was sentenced to 90 days in the county jail. That sentence was suspended, and he was placed on probation for one year. He raises three issues on this direct appeal of that conviction.
I.
The appellant contends that the results of the Intoxilyzer 5000 breath test should not have been admitted into evidence because the officer who administered the test did not produce at trial her actual certificate authorizing her to administer such tests.
The officer who administered the Intoxilyzer 5000 breath test to the appellant testified at trial that she was certified to operate the Intoxilyzer 5000 at the time she administered the test to the appellant and that she possessed a “certificate” or “card” evidencing that certification. However, she was unable to produce the “card” at trial because it was “at home in [her] briefcase.” R. 20. The officer’s testimony was sufficient; the State was not required to produce an actual operator’s certificate in order to establish a proper predicate under Ex parte Bush, 474 So.2d 168, 170 (Ala.1985), for the admission into evidence of the test results. See Woods v. City of Dothan, 594 So.2d 238, 240-41 (Ala.Cr.App.1991); Parker v. State, 397 So.2d 199, 201-02 (Ala.Cr.App.), cert. denied, 397 So.2d 203 (Ala.1981).
II.
The appellant contends that the circuit court erred in overruling his motion to dismiss on the ground that the charging instrument, the Uniform Traffic Ticket and Complaint (UTTC), was not in the circuit court file. However, the prosecutor represented to the circuit court that after defense counsel had raised this objection and “during the break” he had checked the district court file and discovered that the original verified UTTC was in that file and that “a copy of *623 this ticket is in the circuit court file.” The circuit court responded: “I saw that [copy of the UTTC in the circuit court file]. Actually I thought it might have been part of the motion filed by the defendant, but it’s not clear.” R. 45.
Section 12-12-70(d), Ala.Code 1975, requires that when a district court case is appealed to circuit court, the clerk of the district court “shall forthwith file the notice of appeal, a cost bill, and copies of the case file with the clerk of the circuit court.” Although there is no UTTC contained in the record on appeal, this Court is bound by the finding of the circuit court that there was one in the court file. Furthermore, Rule 30.4(a), A.R.Crim.P., does not impose a penalty for the failure of the clerk of the district court to transmit the records to the circuit court within the 14-day period. “Rule 30.4(a) does not require the dismissal of district court cases appealed to the circuit court if the clerk of the district court fails to transmit the records to the clerk of the circuit court either within 14 days of the filing of the notice of appeal or ‘forthwith’ after the filing of the notice of appeal.” State v. Tapley, 636 So.2d 1282, 1284 (Ala.Cr.App.1994).
Ill
The prosecution presented abundant evidence that the appellant was “under the influence of alcohol to the extent that it affected his ability to operate his vehicle in a safe manner,” Ex parte Buckner, 549 So.2d 451, 453 (Ala.1989); consequently, there was no error in the trial court’s denial of the appellant’s motion for a judgment of acquittal.
The complaint charged a violation of Ala.Code 1975, § 32-5A-191(a)(2). The arresting officer testified that “a little after 1:00 in the morning” (R. 8), the appellant’s ear was “sitting in the parking lot at the caution light in Somerville [sic]- [I]t wasn’t really off in the parking lot. Two wheels were kind of on the side of the road.... [T]he brake lights were flickering on and off.” R. 6. As the arresting officer approached, the “car moved forward just a few inches before the car stopped, ... and [the appellant’s] head was still lying in the car window.” R. 7-8. The appellant was asleep. When the officer woke him, he was “a little disoriented at first.” R. 8-9. The officer stated that the appellant told him “he was too drunk to take a field test.” R. 9. The appellant was “uncoordinated and slow and sluggish, ... he was swaying a good bit.” R. 10. The officer observed a pint bottle of George Dickel whiskey on the front seat of the appellant’s car. The officer testified that the appellant had “a very strong odor of alcoholic beverage” and “was very slurry-speeehed, his eyes were bloodshot, he was slow and sluggish and uncoordinated.” R. 11. The officer testified that he “believed at that time that he was under the influence of alcohol.” R. 12. The appellant required the officer’s assistance in walking. The appellant registered .180% on the Intoxilyzer 5000.
In a prosecution under § 32-5A-191(a)(2), “eyewitness testimony that the defendant was seen driving in an unsafe or erratic manner is not essential,” Rice v. State, 611 So.2d 1161, 1163 (Ala.Cr.App.1992), and a conviction may rest upon circumstantial evidence. Lawrence v. State, 601 So.2d 194,196 (Ala.Cr.App.1992). In this case, the evidence, although circumstantial, was sufficient to sustain a conviction.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.