LONG, Presiding Judge.
.The State of Alabama filed this petition for a writ of mandamus seeking to have Judge Herbie Brewer,[1] special circuit judge for the Tenth Judicial Circuit, vacate his order dismissing the charge against R.G. Luttrell. Luttrell pleaded guilty in district court to criminal mischief in the second degree and was sentenced to 30 days’ imprisonment, to be followed by 24 months’ probation. Lutt-rell filed a written notice of appeal in the circuit court, seeking a trial de novo. When the record was not transmitted to the circuit court within 14 days, Luttrell filed a motion to dismiss, pursuant to Rule 30.4(a), Ala.R.Crim.P. The circuit court dismissed the charge, holding that the provision of Rule 30.4(a) requiring the record in an appeal from municipal court to be transferred to circuit court within 14 days applied to proceedings from district court. The State objected; this petition followed.
Before a petition for a writ of mandamus may issue, four requirements must be met. There must be: 1) no adequate remedy at law; 2) a clear legal right in the petitioner to the relief sought; 3) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; and 4) the properly invoked jurisdiction of the reviewing court. Ex parte Department of Human Resources, 620 So.2d 619, 620 (Ala.1993).
The State has no other adequate remedy at law or means for review of the trial court’s ruling here. As this court stated in Ex parte State ex rel. Johnson, 636 So.2d 1266, 1267 (Ala.Cr.App.1994):
“The petition is properly before this court because ‘[tjhere is no provision for a pretrial appeal by the State in a misdemeanor case,’ City of Attalla v. Smith, 596 So.2d 651, 651 (Ala.Cr.App.1992); therefore, ‘[m]andamus is the only remedy available to challenge the circuit court’s dismissal of misdemeanor charges pending against a criminal defendant,’ Ex parte City of Tuscaloosa, 636 So.2d 692, 693 (Ala.Cr.App.1993).”
The State further contends that it has a “clear legal right” to the relief sought. The State argues that Rule 30.4(a), Ala.R.Crim. P., which provides for the dismissal of charges if the record is not transmitted to the circuit court within 14 days, applies only to appeals from municipal court and not from district court. Therefore, the State asserts that Judge Brewer erred in dismissing the charge. Rule 30.4(a), Ala.R.Crim.P., provides:
“Within fourteen (14) days after the appeal to the circuit court for trial de novo is perfected as provided by Rule 30.3(b), the clerk of the municipal or district court shall transmit to the clerk of the circuit court such records of the proceedings as are in the municipal of district court clerk’s possession, including the original charging instrument. If the appeal is from a municipal court and the clerk thereof shall fail to transmit such records to the clerk of the circuit court within the time prescribed, the municipality shall be deemed to have abandoned the prosecution; the defendant shall stand discharged, with prejudice; and any bond shall be automatically terminated.”
(Emphasis added.)
Judge Brewer filed a response to the petition in which he stated that he believed that the provision of Rule 30.4(a) emphasized above applied to both district courts and municipal courts. Judge Brewer’s interpretation is not one that this Court has adopted. This court, in Long v. State, 650 So.2d 621, 623 (Ala.Cr.App.1994), has stated:
“Rule 30.4(a), A.R.Crim.P., does not impose a pehalty for the failure of the clerk of the district court to transmit the records to the circuit court within the 14-day period. ‘Rule 30.4(a) does not require the dismissal of district court cases appealed to the circuit court if the clerk of the district court fails to transmit the records to the clerk of the circuit court either within 14 *292 days of the filing of the notice of appeal or “forthwith” after the filing of the notice of appeal.’ State v. Tapley, 636 So.2d 1282, 1284 (Ala.Cr.App.1994).”
(Emphasis supplied.)
Judge Brewer should not have dismissed the charge against Luttrell on the ground that the transcript of the district court proceedings was not filed with the circuit court within 14 days. This petition for a writ of mandamus is granted.
PETITION GRANTED.
All the Judges concur.

. Judge Brewer was appointed as a special circuit judge to hear this case for the Honorable J. Richmond Pearson.