Jerry Pender was found guilty in the District Court of Walker County of two counts of criminal mischief in the second degree, violations of § 13A-7-22, Ala. Code 1975, and two counts of criminal mischief in the third degree, violations of §13A-7-23, *Page 483 
Ala. Code 1975. (C. 7, 16, 25, 34.) Pender appealed to the Circuit Court of Walker County for a trial de novo. He was tried by a jury and convicted of two counts of criminal mischief in the second degree and two counts of criminal mischief in the third degree. (C. 56.) He was sentenced to 12 months' incarceration for each count, with those sentences to run consecutively. The sentences were split, and he was ordered to serve 6 months in jail and was placed on 6 months' supervised probation. (C. 57.) On appeal, Pender contends that his conviction and sentence should be reversed because, he argues, (1) he did not timely receive copies of the criminal complaints and (2) he should have been, but was not arraigned in circuit court.
 I.
Pender claims that he did not timely receive copies of the complaints against him after he appealed to the circuit court. He contends that because he never received the complaints, he was not put on notice of the charges against him. The trial transcript indicates that Pender's trial counsel made the following statement to the trial judge at the beginning of the trial:
 "[DEFENSE]: Your Honor, before we get started, for the record, I'd like to indicate that on this date I received a copy of the complaints that were filed in the court on January 12, 1998, and there was no certificate of service on them as well.
 "The appeal was made to Circuit Court on June 10, 1996. And if I understand the statute properly, it's supposed to be 14 days or even a reasonable time."
(R. 10.) Pender's counsel stated that he only wanted the matter in the record; he never requested that the judge take any action. (R. 11.) Based upon the reading of this information, it appears that Pender's counsel was relying on Rule 30.4, Ala.R.Crim.P.
Rule 30.4(a), Ala.R.Crim.P., provides:
 "Within fourteen (14) days after the appeal to the circuit court for trial de novo is perfected as provided by Rule 30.3(b), the clerk of the municipal or district court shall transmit to the clerk of the circuit court such records of the proceedings as are in the municipal or district court clerk's possession, including the original charging instrument. If the appeal is from a municipal court and the clerk thereof shall fail to transmit such records to the clerk of the circuit court within the time prescribed, the municipality shall be deemed to have abandoned the prosecution; the defendant shall stand discharged, with prejudice; and any bond shall be automatically terminated."
Rule 30.3(b), Ala.R.Crim.P., states that an appeal for a trial de novo is "perfected by the timely filing of a written notice of appeal and the posting of a new bond . . . ." The record indicates that the appeal to the circuit court for a trial de novo was perfected on June 10, 1996. (C. 17.)
Because counsel's statement did not require a ruling from the trial court, Pender has failed to properly preserve this issue for our review — no adverse ruling appears on the record. See Gayle v. State, 616 So.2d 378, 380 (Ala.Cr.App. 1993) (holding that an adverse ruling should appear on the record in order for an issue to be properly preserved for appellate review). Even if Pender had properly preserved this issue, his argument is without merit. First, Pender filed the appeal with the circuit court after he was convicted of the charges in the district court. Thus, Pender had more than adequate notice of the charges against him on appeal. Second, Rule 30.4(a), Ala.R.Crim.P., "`does not impose a penalty for the failure of the clerk of the district court to transmit the records to the circuit court within the 14-day period.'" Ex parte State,707 So.2d 290, 291 (Ala.Cr.App. 1997) (quoting State v. Tapley,636 So.2d 1282, 1284 (Ala.Cr.App. 1994)). Thus, even if the district clerk *Page 484 
failed to deliver the record in the 14-day time period, it was of no consequence.
 II.
Pender argues that arraignment was required because his appeal to the circuit court was for a trial de novo. Pender bases his argument on Rule 14.1(c), Ala.R.Crim.P., which provides that "[a]rraignment is required on appeal de novo to circuit court."
Pender has waived this issue. Pender failed to object to the lack of arraignment at the trial in the circuit court. See Watts v. State, 460 So.2d 204, 206 (Ala. 1983) (stating that the accused should have objected to the lack of arraignment before the jury returned a verdict against him); Singleton v. City of Tuscaloosa, 557 So.2d 565, 566 (Ala.Cr.App. 1990). Moreover, Rule 14.1(b), Ala.R.Crim.P., provides that "arraignment need not be held in any case where a defendant represented by counsel has filed with the court a written waiver of arraignment and plea of not guilty . . . signed by the defendant and counsel." (Emphasis added.) The record contains a copy of a plea of not guilty and waiver of arraignment form signed by Pender and his counsel; thus, arraignment was not necessary. (C. 36.)
 III.
Although we are affirming Pender's convictions, we must remand this case to the circuit court for resentencing. Although Pender did not raise this issue in his brief to this court, our review of the record has revealed that the trial judge imposed a sentence that exceeds the limit allowable by statute. Because this issue is jurisdictional in nature, we can review it at any time. See Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987).
Pender was convicted of two counts of criminal mischief in the second degree, violations of § 13A-7-22, Ala. Code 1975, and two counts of criminal mischief in the third degree, violations of § 13A-7-23, Ala. Code 1975. Criminal mischief in the second degree is a Class A misdemeanor, punishable by no more than one year's imprisonment. See § 13A-5-7(a)(1), Ala. Code 1975. Criminal mischief in the third degree is a Class B misdemeanor, punishable by no more than 6 months' imprisonment. See §13A-5-7(a)(2). The trial judge imposed a sentence of 12 months' imprisonment for each count, to run consecutively, and he then split the sentence so Pender would serve a 6-month jail sentence and 6 months' supervised probation. (C. 57; R. 158.) In imposing 12-month sentences for Pender's convictions for the two counts of criminal mischief in the third degree, the trial judge exceeded the statutory limit prescribed in § 13A-5-7(a)(2), Ala. Code 1975.
This case is due to be remanded to the circuit court for resentencing in accordance with § 13A-5-7(a)(2), Ala. Code 1975. The application of the statute mandates a maximum sentence of 6 months' imprisonment for each count of criminal mischief in the third degree. Although Pender is currently serving only 6 months for all counts, the trial court was without jurisdiction to impose one-year prison sentences for Pender's two counts of criminal mischief in the third degree. The trial court shall take all necessary action to allow a return to remand to be filed with this court within 42 days of this opinion.
For the above-mentioned reasons, Pender's convictions are due to be affirmed, and the case is remanded for resentencing.
AFFIRMED AS TO CONVICTIONS; REMANDED FOR RESENTENCING.
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur. *Page 485