The City of Tarrant ("City") filed this petition for a writ of mandamus directing Judge David Lichtenstein to vacate his order dismissing the charges against Ricky Delane Hogan. On February 23, 2001, Hogan was convicted in the municipal court for the City of resisting arrest, disorderly conduct, and criminal mischief. On the same day he filed notices of appeal for a trial de novo in the circuit court. On March 30, 2001, Hogan was convicted in the municipal court for two counts of assault; he filed notices of appeal for a trial de novo on those charges also.[1] Accompanying Hogan's notices of appeal were appeal bonds. Fourteen days after the municipal judge approved the appeal bonds, the City transmitted the municipal court records to the circuit court. See Rule 30.4, Ala.R.Crim.P. On September 24, 2001, all of Hogan's cases were called for trial in the circuit court. A jury was empaneled and the court recessed for the day. The next morning, Hogan moved that the charges be dismissed because, he argued, the City failed to transmit the records to the circuit court within the time period provided in Rule 30.4. The trial court held a hearing, granted Hogan's motion, and dismissed the charges. This petition followed.
Initially, we must determine if a petition for a writ of mandamus is the appropriate manner by which to review the ruling in this case. The City has the right to appeal only certain pretrial rulings dismissing a case. See Rule 15.7, Ala.R.Crim.P. Once jeopardy has attached, the City no longer has the right to appeal under Rule 15.7. The City's only remedy at that point is to file a petition for a writ of mandamus. The Alabama Supreme Court in Ex parte Sullivan, 779 So.2d 1157 (Ala. 2000), noted that mandamus is available to review a trial court's dismissal of a case once jeopardy has attached. The Court stated:
 "The power of an appellate court of this state to issue a writ of mandamus at the request of the State in a criminal case when the Legislature has not provided the remedy of appeal is not unqualified. We have said:
 "`Casual resort to mandamus cannot be permitted to undermine an accused's right against double jeopardy, and only the rarest of circumstances merit an intervention in a criminal case by mandamus; nevertheless, circumstances can arise which present a compelling need for the issuance of mandamus to further important countervailing public interests.'
 "Ex parte Nice, 407 So.2d [874] at 880 [(Ala. 1981)] (citations omitted) (emphasis omitted). Clearly, a writ of mandamus is a supervisory order; thus, an appellate court may issue this writ in any situation, within recognized limits, where this writ is necessary to protect the proper judicial administration of the courts." *Page 368 
Ex Parte Sullivan, 779 So.2d at 1161. This case is properly before us by mandamus petition; thus, we will proceed to the merits of the case.
The question presented in this petition is when is an appeal from a municipal court to the circuit court deemed perfected — a date that triggers the running of the time for the municipal court to file its records with the circuit court. Rule 30.3, Ala.R.Crim.P., addresses the procedure for appealing a case from a municipal court. Rule 30.3(b) states:
 "An appeal from the municipal or the district court for trial de novo in the circuit court shall be perfected by the timely filing of a written notice of appeal and the posting of a new bond in an amount fixed by the municipal or district judge, conditioned upon the defendant's appearance before the circuit court, as well as the payment of all costs incurred in the municipal or the district court and on appeal in the circuit court; provided, however, that the court may authorize the defendant's release on the defendant's personal recognizance without any under-taking relating to, or deposit of security in lieu of, an appearance and cost bond.
 "A defendant sentenced to imprisonment and not released from custody on bond or personal recognizance may obtain release pending an appeal at any time by filing a bond approved by the municipal or the district court. If the defendant remains in custody, the prosecutor shall so notify the circuit court clerk, and the case shall be set for trial at the earliest practical time."
(Emphasis added.)
Rule 30.4(a), Ala.R.Crim.P., states the municipality's obligation once Rule 30.3(b) has been invoked.[2] This Rule states:
 "Within fourteen (14) days after the appeal to the circuit court for trial de novo is perfected as provided by Rule 30.3(b), the clerk of the municipal or district court shall transmit to the clerk of the circuit court such records of the proceedings as are in the municipal or district court clerk's possession, including the original charging instrument. If the appeal is from a municipal court and the clerk thereof shall fail to transmit such records to the clerk of the circuit court within the time prescribed, the municipality shall be deemed to have abandoned the prosecution; the defendant shall stand discharged, with prejudice; and any bond shall be automatically terminated."
Here, Hogan filed notices of appeal and appeal bonds on the same day he was convicted. However, the bonds were not approved by the municipal judge until four days later. The municipal court transferred its records 14 days after the bonds were approved by the municipal judge.
The City argues that the circuit court misinterpreted Rule 30.4. The City argues that Hogan's appeal was not perfected, within the meaning of Rule 30.3, until the appeal bond was approved by the municipal judge. It asserts that it has no obligation to transmit its records until the appeal was "perfected" — four days after the notices of appeal and the appeal bonds were filed.
Hogan argues that the circuit court correctly dismissed the charges against him after finding that the City abandoned its appeal when it failed to file the records within 14 days of the filing of the notices of appeal and appeal bonds. *Page 369 
In Ex parte City of Fort Payne, 639 So.2d 1347 (Ala. 1994), the Alabama Supreme Court noted that it was amending Rule 30.3, Ala.R.Crim.P., to state that the municipal court records were to be filed within 14 days after the appeal was "perfected." Prior to this revision, Rule 30.3 provided that the records were to be filed within 14 days of the filing of the notice of appeal. No mention was made of an appeal bond. This Court in Exparte Fort Payne, 628 So.2d 1036 (Ala.Crim.App. 1993), urged the Alabama Supreme Court to amend Rule 30.3 to make it consistent with § 12-14-70, Ala. Code 1975 — the statute addressing the same subject. Section12-14-70(c) states:
 "A defendant may appeal in any case within 14 days from the entry of judgment by filing notice of appeal and giving bond, with or without surety, approved by the court or the clerk in an amount not more than twice the amount of the fine and costs, as fixed by the court, or in the event no fine is levied the bond shall be in an amount not to exceed $1,000.00, as fixed by the court, conditioned upon the defendant's appearance before the circuit court. The municipal court may waive appearance bond upon satisfactory showing that the defendant is indigent or otherwise unable to provide a surety bond. If an appeal bond is waived, a defendant sentenced to imprisonment shall not be released from custody, but may obtain release at any time by filing a bond approved by the municipal court. If defendant is not released, the prosecutor shall notify the circuit clerk, and the case shall be set for trial at the earliest practicable time."
According to § 12-14-70, an appeal to the circuit court from the municipal court is not perfected until (1) a notice of appeal has been filed and (2) an appeal bond has been set and approved by the municipal court or the clerk.
Although § 12-14-70 has been modified in part by the Supreme Court's adoption of Rule 30.3, this statute still has a field of operation. See Committee Comments to Rule 30.3. "[R]ules and statutes relating to the same subject matter must be read in pari materia, thus allowing for legal harmony where possible." State ex rel. Daw,786 So.2d 1134, 1136 (Ala. 2000), citing Burlington Norther R.R. v.Whitt, 611 So.2d 219, 222 (Ala. 1992). The statute plainly states that an appeal bond must be approved by the municipal court or clerk.
After reading Rule 30.3 and § 12-14-70 together, the conclusion is clear — before an appeal from a municipal court to a circuit court can be perfected, a written notice of appeal and an appeal bond approved by the municipal court or the clerk must be filed with the municipal court clerk's office. Only then does the time for filing the municipal court records begin to run.
We also find support for this view in the wording of Rule 30.3(b). It states, "An appeal from the municipal or the district court for trial de novo in the circuit court shall be perfected by the timely filing of a written notice of appeal and the posting of a new bond in an amount fixed by the municipal or district judge. . . ." (Emphasis added.) The requirement that a new bond be posted in an amount fixed by the municipal judge implies that the judge has first approved that bond.
Also, the sample forms following the Rules of Criminal Procedure contain a form for an appeal from a district court to a circuit court. See Form C-37, *Page 370 
Ala.R.Crim.P.[3] This form contains a section designated as "Appearance and Cost Bond." This section contains a space for either a judge, clerk, or magistrate to sign indicating his or her approval of the bond.
Before a writ will issue the petitioner must establish (1) a clear legal right to the relief sought; (2) an imperative duty upon the petitioner to the relief sought; (3) no adequate remedy at law; and (4) the properly invoked jurisdiction of the reviewing court. See Ex parte Department ofHuman Res., 620 So.2d 619, 620 (Ala. 1993). The City has met its burden here.
This petition is due to be granted. Judge Lichtenstein is directed to set aside his order of dismissal and to reinstate Hogan's de novo appeals to the circuit court's docket.
PETITION GRANTED.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.
Shaw, J., concurs in the result.
[1] All five convictions in the municipal court resulted from the same series of events that occurred on October 7, 2000.
[2] We have noted that Rule 30.4 has no application to appeals from rulings by a district court. See State v. Luttrell, 707 SO.2d 290
(Ala.Crim.App. 1997). That rule contains a penalty only for the municipality's failure to file the records with the circuit court.
[3] Rule 36, Ala.R.Crim.P., provides that the sample forms contained in the Appendix to the Rules of Criminal Procedure have not been "approved or adopted by the Alabama Supreme Court."