PER CURIAM.
The petitioner, Josh Fagan, filed this petition for a writ of mandamus directing Judge Herman Y. Thomas to reinstate his de novo appeal from the Mobile Municipal Court. In September 2003, Fagan was convicted in the Mobile Municipal Court of two counts of menacing. Fagan appealed those convictions to the Mobile Circuit Court for a trial de novo. Fagan’s trial was scheduled to begin in circuit court on December 11, 2003, but was postponed until February 12, 2004. On February 12, 2004, Fagan appeared in the circuit court for his trial. The City of Mobile (“the City”) moved that Fagan’s de novo appeal be dismissed and that his case be remanded to the municipal court for enforcement of that court’s judgment. Judge Thomas granted the City’s motion. On February 18, 2004, Fagan moved the circuit court to reinstate his de novo appeal. That motion was denied; this petition followed.
Initially, we note that this case is correctly before this Court by way of a petition for a writ of mandamus. There is no right to appeal the dismissal of a de novo appeal; therefore, mandamus is Fagan’s only remedy. See Dixon v. City of Mobile, 859 So.2d 462 (Ala.Crim.App.2003).
Fagan argues that the circuit court had no authority to dismiss his de novo appeal because he was present in court and wished to proceed with his trial. It asserts that according to our recent holding-in Hulsey v. State, 866 So.2d 1180 (Ala.Crim.App.2003), a circuit court may dismiss a de novo appeal only when the defendant fails to appear in court on the date set for trial.
The City notes that Fagan’s attorney was allowed to withdraw on February 6, 2004, and Judge Thomas informed Fagan that he would have to obtain another attorney before the trial date. When Fagan appeared in court without an attorney on the date set for trial the City moved to dismiss his de novo appeal. The City argues in its answer to this petition, “[Fa-gan] failed to obey the mandate of the trial court Judge to appear for trial on February 12, 2004, with an attorney. As a consequence for [Fagan’s] failure to obey the Court’s order, his appeal was dismissed and the case was remanded to the Municipal Court of the City of Mobile.”
It is undisputed that Fagan was present in court on the date set for trial, that Fagan did not move to dismiss his de novo appeal, and that the appeal was dismissed because Fagan failed to comply with the circuit court’s order to appear in court with an attorney.
According to § 12-12-70(e) and (g), Ala. Code 1975, the circuit court may dismiss a de novo appeal under two circumstances— when the defendant fails to appear for the date set for trial or when the defendant moves for a voluntary dismissal. Section 12-12-70(e), states, in part:
“The circuit court shall, upon failure of the appellant to appear in court when the case is called for trial, unless good cause for such default is shown, enter an order dismissing the appeal and enter judgment of default on any appearance bond given in connection therewith in accordance with the procedures set out in Title 15, Article 5, Chapter 13.”
See also Rule 30.5(b), Ala.R.Crim.P. Section 12-12-70(g), states, in part:
*445 “In addition to an involuntary dismissal as provided in subsection (e), the judge of the circuit court to which an appeal has been taken may, at the request of the defendant, enter an order dismissing the appeal, provided the defendant tenders payment of the costs and fine imposed by the district court at the time the request for dismissal is made, and provided further, that the defendant submits himself to the sheriff or, in municipal ordinance cases, to the chief of police to begin serving any sentence of imprisonment ordered by the district court.”
In Hulsey, this Court addressed a circuit court’s dismissal of a de novo appeal after the State moved to dismiss the case so that it could seek an indictment. Interpreting the application of the two statutory provisions quoted above, this Court stated:
“The trial court erred in granting the State’s motion to dismiss Hulsey’s appeal to the circuit court for a trial de novo. ‘Except as provided in Section 12-12-72 and in subsection (e) of Section 12-15-120, all appeals from final judgments of the district court shall be to the circuit court for trial de novo.’ § 12-12-71, Ala.Code 1975. The statute and rule governing an appeal from a municipal or district court for a trial de novo provide for dismissal of the appeal only upon the appellant’s request or upon the appellant’s failure to appear for trial. See Rule 30.5(b), Ala.R.Crim.P., and § 12-14-70(e) and (g), Ala.Code 1975. We can find no authority permitting the dismissal of a de novo appeal on motion of the State other than for failure of the appellant to appear at trial. 1 “ ‘The plain wording of both § 12-14-70[ (e) and (g), Ala.Code 1975,] and Rule 30.5(b)[, Ala.R.Crim.P.,] supports the appellant’s contention that the circuit court has authority to dismiss a de novo appeal only when the defendant fails to appear for trial.’ ” ’ Mayes v. State, 710 So.2d 537, 538 (Ala.Crim.App.1997) (failure to appear at ‘plea day’) (emphasis omittedXquoting McLemore v. State, 686 So.2d 492, 493 (Ala.Crim.App.1996), quoting in turn Riddle v. State, 641 So.2d 1316, 1318 (Ala.Crim.App.1994)).”
Hulsey v. State, 866 So.2d at 1185-86.
There is no provision in either the Alabama Code or Alabama’s procedural rules that allows a circuit court to dismiss a de novo appeal upon motion of the City or State for any reason other than a defendant’s failure to appear in court for the date set for trial.[1] Fagan has established the requirements for the issuance of this writ of mandamus.
This petition is due to be, and is hereby, granted. Accordingly, Judge Thomas is directed to reinstate Fagan’s de novo appeal.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, p.j., and COBB, BASCHAB, SHAW, and WISE, JJ„ concur.

. Judge Thomas was not without a remedy. Pursuant to the authority granted to him by § 12-11-30(5), Ala.Code 1975, Judge Thomas could have found Fagan in contempt of court for failure to follow a lawful court order.