PER CURIAM.
The District Attorney for the Tenth Judicial Circuit filed this petition for a writ of mandamus requesting that this Court direct Judge David Lichtenstein to set aside his order of August 2, 2012, and to reinstate Stacey Lanette Jackson’s de novo appeal. In September 2010, Jackson was charged with speeding in a construction zone and with driving under the influence (“DUI”). Jackson was convicted in the Jefferson District Court and was fined $100 on the speeding conviction and was sentenced to 30 days’ incarceration on the DUI conviction. Jackson appealed to the Jefferson Circuit Court for a trial de novo and requested a jury trial. Twenty-one days after Jackson was convicted in the district court, the clerk of the district court transferred the case file to the Jefferson Circuit Court clerk’s office. Jackson’s trial was scheduled for May 2012. At trial, the jury informed the court that it was deadlocked, and the trial court declared a mistrial. Jackson’s case was scheduled for a retrial in August 2012. In June 2012, Jackson moved to dismiss her de novo appeal with prejudice because, she argued, *22 the district court clerk failed to timely transmit the record to the circuit court in accordance with Rule 30.4, Ala. R.Crim. P. On August 2, 2012, Judge Lichtenstein dismissed Jackson’s de novo appeal with prejudice. The State then filed this petition for a writ of mandamus. All action in the circuit court was stayed pending the resolution of this mandamus petition.
This case is correctly before this Court by way of a mandamus petition. We hold that Judge Lichtenstein’s ruling dismissing Jackson’s de novo appeal was beyond the scope of his jurisdiction and was therefore void. A void judgment will not support an appeal. See Underwood v. State, 439 So.2d 125 (Ala.1983); Hamilton v. State, 828 So.2d 957 (Ala.Crim.App.2002); Carpenter v. State, 782 So.2d 848 (Ala.Crim.App.2000). See also Maddox v. State, 668 So.2d 162, 163 (Ala.Crim.App. 1995) (recognizing that circuit courts lack the “authority to dismiss a de novo appeal” when such dismissal is “unauthorized by either statute or rule.” (quoting Riddle v. State, 641 So.2d 1316, 1318 (Ala.Crim.App.1994))). Thus, the State’s only remedy was to file an extraordinary petition.[1]
The State asserts that Judge Lichtenstein acted beyond the scope of his discretion in dismissing Jackson’s de novo appeal because, it argues, Rule 30.4, Ala. R.Crim. P., contains no provision for the dismissal of an appeal from the district court when the clerk has failed to timely transmit the record to the circuit court. Jackson asserts that based on the wording of Rule 30.4(a), Ala. R.Crim. P., and this Court’s decision in State v. Tapley, 636 So.2d 1282 (Ala.Crim.App.1994), Judge Lichtenstein acted within his discretion in dismissing Jackson’s de novo appeal.
Rule 30.4, Ala. R.Crim. P., states:
“(a) Record on Appeal to Circuit Court. Within fourteen (14) days after the appeal to the circuit court for trial de novo is perfected as provided by Rule 30.3(b), the clerk of the municipal or district court shall transmit to the clerk of the circuit court such records of the proceedings as are in the municipal or district court clerk’s possession, including the original charging instrument. If the appeal is from a municipal court and the clerk thereof shall fail to transmit such records to the clerk of the circuit court within the time prescribed, the municipality shall be deemed to have abandoned the prosecution; the defendant shall stand discharged, with prejudice; and any bond shall be automatically terminated.”
(Emphasis added.) This rule is patterned after § 12-22-70, Ala.Code 1975, and § 12-24-70, Ala.Code 1975.
The statutory right to appeal a judgment from a district court to a circuit court for a trial de novo is governed by § 12-12-70, Ala.Code 1975. That section provides, in pertinent part:
“(b) Criminal cases. A defendant may appeal from a final judgment of the district court in a criminal or quasi-criminal case by filing notice of appeal within 14 days from the date of judgment or from the date of denial of a post-trial motion, whichever is later, together with such bond as may be fixed by the court....
[[Image here]]
*23 “(d) When an appeal is to the circuit court, the clerk of the district court, if separate from the clerk of the circuit court, shall forthwith file the notice of appeal, a cost bill and copies of the case file with the clerk of the circuit court.”
Section 12-i4-70(d), Ala.Code 1975, governs de novo appeals from a municipal court, and specifically provides, in part:
“When an appeal has been taken, the municipality shall file the notice and other documents in the court to which the appeal is taken within 15 days, failing which the municipality shall be deemed to have abandoned the prosecution, the defendant shall be discharged and the bond shall be automatically terminated.” [2]
There is no statutory provision in § 12-12-70, Ala.Code 1975, that corresponds to the specific provision in § 12-24-70, Ala.Code 1975, and that provides for the dismissal of a de novo appeal from the district court for the clerk’s failure to timely transmit the record to the circuit court.
A circuit court’s authority to dismiss a de novo appeal is not unfettered. In 1928, the Alabama Supreme Court in Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406 (1928),[3] addressed the precursor to § 12-14-70, Ala.Code 1975, and a court’s limited authority to dismiss a de novo appeal from a recorder’s court — now a municipal court. The Supreme Court stated:
“Manifestly, this authority to dismiss the [de novo] appeal is special and limited, and cannot be extended beyond the terms by which it is granted. Either the court may proceed as usual with the default and the prosecution, or, when the forfeiture has been made final, after notice to the defendant of the conditional forfeiture and his failure to then appear and excuse his default, as prescribed by law, the appeal may be dismissed, and the defendant remitted to the city authorities for a punishment under the judgment appealed from.”
217 Ala. at 494, 117 So. at 409 (emphasis added).
Later in Ex parte Hilbum, 591 So.2d 8 (Ala.1991), the Alabama Supreme Court addressed the evolution of § 12-24-70(f), and stated:
“In 1975, however, the legislature, in order to ‘implement the new Judicial Article of the Alabama Constitution (Amendment No. 328 approved December 18, 1973),’ materially altered both the form and the substance of the provisions for appeals from municipal court. Act No. 1205, 1975 Ala. Acts 2384, 2384. Section 8-105 of the 1975 Act deleted the clause in the former section providing for the discretionary retention of a case on appeal from municipal court. In its place, the 1975 Act substituted the clause now contained in § 12 — 14—70(f), which provides that ‘[u]pon failure of an appellant to appear in the circuit court when the case is called for trial ..., the court shall dismiss the appeal.’ (Emphasis added.) The series of enactments thus demonstrates a progression of legislative intent regarding the circuit court’s discretion to retain a case on appeal, from the mandatory retention under Ala.Code 1923, § 1938 — through the express grant of discretion in the *24 wake of Thompson — to mandatory dismissal and reinstatement of the original judgment through the repeal in the 1975 Act of the clause conferring discretion.
“To be sure, the legislation under discussion has expressly addressed only the issue of dismissal upon failure to appear for trial. Nevertheless, if the circuit court has no discretion to retain the case upon the nonappearance of the defendant, then a fortiori, it lacks the discretion to retain the case if the defendant appears and affirmatively seeks the dismissal of the appeal and the remand of the case to the municipal court.”
591 So.2d at 11 (emphasis supplied).
This Court has repeatedly held that a circuit court’s authority to dismiss an appeal de novo from a district court is limited to the authority set out in the statutes governing those appeals. In Ex parte Fa-gan, 892 So.2d 443 (Ala.Crim.App.2004), we stated:
“According to § 12-12-70(e) and (g), Ala.Code 1975, the circuit court may dis^ miss a de novo appeal under two circumstances — when the defendant fails to appear for the date set for trial or when the defendant moves for a voluntary dismissal. Section 12-12-70(e), states, in part:
“ ‘The circuit court shall, upon failure of the appellant to appear in court when the case is called for trial, unless good cause for such default is shown, enter an order dismissing the appeal and enter judgment of default on any appearance bond given in connection therewith in accordance with the procedures set out in Title 15, Article 5, Chapter 13.’
“See also Rule 30.5(b), Ala. R.Crim. P. Section 12-12-70(g), states, in part:
“ ‘In addition to an involuntary dismissal as provided in subsection (e), the judge of the circuit court to which an appeal has been taken may, at the request of the defendant, enter an order dismissing the appeal, provided the defendant tenders payment of the costs and fíne imposed by the district court at the time the request for dismissal is made, and provided further, that the defendant submits himself to the sheriff or, in municipal ordinance cases, to the chief of police to begin serving any sentence of imprisonment ordered by the district court.’ ”
892 So.2d at 444-45. See Hulsey v. State, 866 So.2d 1180 (Ala.Crim.App.2003) (noting that there is no statutory right for the State to move to dismiss a de novo appeal unless defendant fails to appear at trial); Riddle v. State, 641 So.2d 1316, 1318 (Ala.Crim.App.1994) (stating that “the circuit court’s dismissal of the appeal when the appellant failed to appear at ‘plea day’ was premature,” because the statute provides for dismissal on the date of trial). See also Chaney v. City of Birmingham, 246 Ala. 147, 151, 21 So.2d 263, 268 (1944) (“No defect in the proceedings, other than want of jurisdiction apparent on the face of them, will subject the cause to dismissal on appeal.”).
In comparison, the Alabama Supreme Court has held that § 12-74-70, Ala.Code 1975, provides for mandatory dismissal of an appeal de novo from a municipal court when the record is not forwarded to the circuit court and that § 12-14-70 took precedence over any provision to the contrary in Rule 30.5, Ala. R.Crim. P.
“The dismissal of an appeal to the circuit court from either the municipal court or the district court based on the appellant’s failure to appeal is also governed by Rule 30.5(b), Ala. R.Crim. P., which tracks the language of § 12-12-70(e) and § 12 — 14—70(f). Rule 30.5(b), however, is permissive, while the provisions of the two statutes are mandatory. In Ex *25 parte Hilbum, 591 So.2d 8 (Ala.1991), the Alabama Supreme Court addressed the distinction between § 12-14-70(f) and Rule 30.5(b) and ‘held that the mandatory provision of the statute rather than the permissive provisions of the rule “accurately represente ] the policy of this state.”’ Riddle v. State, 641 So.2d 1816, 1318 (Ala.Cr.App.1994) (quoting Hilbum at 12).”
Maddox v. State, 668 So.2d 162, 163 (Ala.Crim.App.1995).
“All statutes that authorize appeals are to be strictly construed.” Dixon v. City of Mobile, 859 So.2d 462, 463 (Ala. Crim.App.2003) (citing Wood v. Birmingham, 380 So.2d 394 (Ala.Crim.App.1980)). Section 12-Z2-70(d), Ala.Code 1975, contains no penalty for a failure by the district court to timely forward the record to the circuit court. Indeed, this section merely states: “When an appeal is to the circuit court, the clerk of the district court, if separate from the clerk of the circuit court, shall forthwith file the notice of appeal, a cost bill and copies of the case file with the clerk of the circuit court.” The legislature clearly declined to enact legislation authorizing the dismissal of a de novo appeal from a district court to a circuit court when the record was not forwarded within a prescribed period. Rule 30.4, Ala. R.Crim. P., does not conflict with § 12-A8-70(b), Ala.Code 1975.
This Court in State v. Luttrell, 707 So.2d 290 (Ala.Crim.App.1997), issued a writ of mandamus after the circuit court dismissed a de novo appeal from the district court when the clerk failed to transmit the record to the circuit court within 14 days. In granting relief, we stated:
“[The circuit court] filed a response to the petition in which [it] stated that [it] believed that the provision of Rule 30.4(a) emphasized above applied to both district courts and municipal courts. [The circuit court’s] interpretation is not one that this Court has adopted.”
707 So.2d at 291. Again, in Long v. State, 650 So.2d 621 (Ala.Crim.App.1994), this Court stated that “Rule 30.4(a), Ala. R.Crim. P., does not impose a penalty for the failure of the clerk of the district court to transmit the records to the circuit court within the 14-day period.” 650 So.2d at 623 (emphasis omitted). Yet again in Pen-der v. State, 740 So.2d 482 (Ala.Crim.App. 1999), we stated: “[E]ven if the district clerk failed to deliver the record in the 14-day time period, it was of no consequence.” 740 So.2d at 483-84. Later in Ex parte City of Tarrant, 850 So.2d 366 (Ala.Crim. App.2002), we stated:
“We have noted that Rule 30.4[, Ala. R.Crim. P.,] has no application to appeals from rulings by a district court. See State v. Luttrell, 707 So.2d 290 (Ala.Crim.App.1997). That rule contains a penalty only for the municipality’s failure to file the records with the circuit court.”
850 So.2d at 368 n. 2.
Nonetheless, in Tapley, this Court issued a writ of mandamus to the circuit court after the circuit court dismissed several de novo appeals from the district court when the records were not timely transmitted to the circuit clerk and “it appeared] that the circuit judge may have been under the mistaken impression that Rule 30.4 required the dismissal of district court cases as well as the municipal court cases, jurisdiction of this cause is remanded to the circuit court for further consideration.” We stated:
“[Rule] 30.4(a)[, Ala. R.Crim. P.,] does not require the dismissal of district court cases appealed to the circuit court if the clerk of the district court fails to transmit the records to the clerk of the circuit court either within 14 days of the filing of the notice of appeal or ‘forth *26 with’ after the filing of the notice of appeal. Here, the dismissal of the district court cases was therefore within the discretion of the trial court.”
636 So.2d at 1284 (some emphasis added). The sentence emphasized above is not cited in any other case and appears to conflict with prior Alabama Supreme Court eases addressing a circuit court’s authority to dismiss a de novo appeal and the clear wording of § 12-12-70, Ala.Code 1975. Accordingly, that portion of Tapley that states that a circuit court has discretion to dismiss a de novo appeal when the district court clerk fails to forward the record to the circuit court conflicts with statutory law and is expressly overruled.
For the reasons stated above, we hold that the circuit court acted beyond the scope of its jurisdiction in dismissing Jackson’s de novo appeal with prejudice. Accordingly, this petition for a writ of mandamus is due to be granted. Judge Lichtenstein is directed to set aside his order of August 2, 2012, and to reinstate Jackson’s de novo appeal.
PETITION GRANTED; WRIT ISSUED.
WINDOM, P.J., and WELCH, KELLUM, BURKE, and JOINER, JJ., concur.

. This Court has previously considered two petitions for writs of mandamus filed by the State on the same issue. See State v. Luttrell, 707 So.2d 290 (Ala.Crim.App. 1997), and State v. Tapley, 636 So.2d 1282 (Ala.Crim.App. 1994). However, those cases were decided before Rule 15.7, Ala. R.Crim. P., was amended effective August 1, 1997, to provide the State and municipalities a right to appeal a pretrial ruling dismissing a misdemeanor case.

. Pursuant to the rule-making authority granted to the Alabama Supreme Court by Art. VI, § 150, Ala. Const. 1901 (Off. Re-comp.) (added by Amendment No. 328, § 6.11, Ala. Const. 1901), the Supreme Court amended § 12 — 14—70(d) by adopting Rule 30.4(a), Ala. R.Crim. P., effective January 1, 1991, which changed the time for taking an appeal to 14 days.

. The specific holding in Thompson was superseded by statutory amendment.